Hamilton, J.
Defendant in error instituted a proceeding in the court of insolvency of Hamilton county to restrain the commissioner of buildings and tfie chief of police from enforcing an order for the vacation of certain buildings, the property of the defendant in error, which the building commissioner claimed to be unsafe and unsanitary, which order the defendant in error refused to comply with, challenging the constitutionality of the ordinance of the city of Cincinnati providing for *317 the regulation of tenement houses and other buildings. The plaintiff in error, defendant below, demurred to the petition on the ground that the court of insolvency had no jurisdiction of the subject of the action. The demurrer was overruled, and, the defendant below declining to plead further, judgment was entered for plaintiff below, from which judgment error is now prosecuted.
Defendant in error moves to dismiss this proceeding in error for the reason that the first sentence of paragraph 10, Section 1637, General Code, is unconstitutional in attempting to confer authority on this court to review on error the decision of the court of insolvency. The motion to dismiss and the error proceeding were presented at the same time and both questions are submitted for consideration. We will first consider the motion to dismiss the proceeding in error.
Jurisdiction to review a judgment is not conferred by paragraph 10, Section 1637, General Code. The authority for such review is provided by Section 6, Article IV of the Constitution, as follows:
“The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law, and judgments of the courts of appeals shall be final in all cases, except,” etc.
The supreme court of Ohio in The Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, held that the *318 general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state. This provision of the constitution specifies “other courts of record within the district.” The insolvency court of Hamilton county, being a court of record within the district, is sufficient authority for the review of this case.
It is argued by counsel in support of the motion that if the error proceedings are entertained it would do violence to Section 26, Article II, which provides that all laws of a general nature must have a uniform operation throughout the state.
It is further argued that the power conferred under Section 6, Article IV, to review, is only conferred in accordance with the provision of Section 26; that there are but two courts of insolvency in Ohio, found only in Hamilton and Cuyahoga counties, and that they are not therefore within the provisions of Section 26, Article II. We do not think this position is tenable. The jurisdiction to review, affirm, modify or reverse the judgments of the courts of common pleas, etc., is contained in and limited by Section 6, Article IV. Section 26 has to do only with acts of the legislature. The legislature by law established the insolvency court of Hamilton county, and the constitutionality of that law was upheld in the case of State, ex rel., v. Archibald, Sheriff, 52 Ohio St., 1. The insolvency court of Hamilton county being a regularly and legally established court of record, its judgments are subject to review under Section 6, Article IV, and the motion to dismiss the error proceeding will be overruled.
*319 The remaining question is: Did the court err in overruling the demurrer and entering judgment for the plaintiff below ? This involves the question whether or not the court of insolvency is vested with general equitable jurisdiction in injunction cases. If the court is not so vested, it would be without power to enter the judgment in this case. It is argued by counsel for defendant in error that the insolvency court had authority to hear and determine this cause un_der paragraph 10, Section 1637, General Code, the provisions of which are as follows:
“10. Appeals may be taken to the court of appeals from orders, decrees and judgments, in such cases, and error may be prosecuted in the court of appeals in the manner and to the extent provided in such cases respectively when pending in the court of common pleas. All laws giving authority to issue injunctions, and regulating the practice in the common pleas court in such cases prescribing the form and effect of its orders, decrees and judgments, and authorizing and directing the execution thereof,’ shall be held to extend to the court of insolvency.”
It is claimed that under this paragraph general equity powers in injunction cases are conferred upon the insolvency court; that the intention of the legislature as conveyed by the last part of paragraph 10 is to give the court of insolvency the power granted to the common pleas court in all injunction matters.
It is claimed that in the wording of the paragraph, “all laws giving authority to issue injunctions, and regulating the practice in the common *320 pleas court in such cases prescribing the form and effect,” etc., the phrase in such cases means injunctions, or might be read “and regulating the practice in the common pleas court in injunction cases.” We do not think the, section will bear that construction. The insolvency court is a court of limited jurisdiction and possesses only such powers as are conferred by statute, and such equity powers as are necessarily incident to the execution of such powers. The powers conferred are contained in the first nine paragraphs of Section 1637. Then •follows the paragraph which defendant in error claims to confer general equity powers. The section is to be construed as a whole. Paragraph 10 undertakes to provide for the procedure of the court with reference to the powers granted in the nine preceding paragraphs. No injunctive power is conferred by the law. The court could only grant such preliminary injunctions in the exercise of its powers granted under the preceding paragraphs as are necessary for the execution of such powers. Bearing in mind that cases might arise in the exercise of the powers granted, which would require the use of the extraordinary power of injunction to give effect to its judgments, the legislature sought in paragraph 10 to provide for the procedure under those circumstances, none having been provided for in the preceding nine paragraphs. Recognizing the authority to issue injunctions by the court of insolvency, as above stated, the legislature provided how this extraordinary remedy might be exercised. The latter part of the paragraph, that all laws giving authority to issue injunctions in such cases,, refers to the nine *321 preceding paragraphs, just as does the same phrase in the first sentence of paragraph 10. In other words, while at common law the court of insolvency may have sufficient authority to invoke the extraordinary remedy of injunction, in exercising the powers conferred upon it, the legislature out of abundant precaution has prescribed that in the exercise of those powers it shall be guided by the rules and practice of the court of common pleas in such cases.
It follows that the court of insolvency was without jurisdiction to hear and determine this case, and for that reason was without power to grant the injunction.
The injunction will be dissolved and judgment' may be entered here sustaining the demurrer to the petition, and dismissing the petition for want of jurisdiction of the court of insolvency.

Judgment reversed, and judgment for plaintiff in error.

Shohl, P. J., and Cushing, ]., concur.